UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:                    )            Case No:  B-0981605 C-13D
**DANNY T. LEAK,**                   )
                                     )
            Debtor(s)                )
_____)


OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN


NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully
objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325 and shows unto
the Court the following:

1.  The Debtor filed a petition under Title 11 of the United States Code, Chapter 13,
    on September 17, 2009, in the United States Bankruptcy Court for the Middle
    District of North Carolina.

2.  On September 17, 2009, Richard M. Hutson, II, was appointed as Trustee.

3.  This Court has proper and personal jurisdiction of the subject matter hereof and
    over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing
    Order entered by the United States District Court for the Middle District of North
    Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4.  The petition filed by the Debtor proposes a monthly plan payment of $1,805.00
    for a period of at least 36 months.  There is no required return to unsecured
    creditors.  The Debtor lists unsecured debt of approximately $27,384.00 in
    Schedule "F".

5.  The Debtor proposes to retain and pay for a timeshare.  Payments to Broadway
    Palmetto Owners' Association ("the Association") for maintenance fees on the
    timeshare at Myrtle Beach are to be paid directly to the Association by the
    Debtor.  Payments to Sheraton Broadway on the deed of trust against the same
    timeshare are to be paid through the Trustee's office.

6.  Because the Debtor's CMI does not exceed the median income figure for a family
    of the same size in North Carolina, section 1325(a)(3) is not used to determine the
    amount of the Debtor's reasonable and necessary deductions and the Debtor's
    disposable income, if any.  Instead, the Debtor's disposable income is calculated
    by reference, in part, to income and expenses listed in Schedules I and J.

1

7.  The applicable commitment period in this case is thirty-six months. 11 U.S.C. §1325(b)(4).

8.  The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of his projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The timeshare does not constitute a reasonable or necessary expense. The timeshare should be released and the funds devoted to payment of the same should be directed instead to unsecured creditors.

9.  The Trustee objects to confirmation of the Debtor's plan in that retention of the timeshare and payment of the same while paying no dividend to unsecured creditors shows that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3).

WHEREFORE, the Trustee prays the Court for an Order as follows:

1.  That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §§1325(b) and 1325(a)(3), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2.  For such other and further relief as the Court may deem just or proper.

This the 16th day of November, 2009.

s/Benjamin E. Lovell
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702
Telephone: (919) 688-8065

<u>CERTIFICATE OF SERVICE</u>

      This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, 6616-203 Six Forks Rd., Raleigh, NC 27615, Danny T. Leak, 278 Pevia Rd., Red Springs, NC 28377, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

      This 16th day of November, 2009.

s/Benjamin E. Lovell
Benjamin E. Lovell, Esq.
Attorney for the Standing Trustee

3